Jesse Beaudette, Esq.
Ryan T. Heuwinkel, Esq.
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana  59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email:  mail@bebtlaw.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

-------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| JESSICA MATTSON, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. CV-17-_____ |
| | ) | |
| -vs.- | ) | THE HON. _____ |
| | ) | |
| GEICO INDEMNITY COMPANY, | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Defendant. | ) | |

-------------------------------------------------------------------------------------------------

Defendant Geico Indemnity Company ("Geico Indemnity") alleges as

follows:

1.      The above-entitled action was filed in Montana's Eighth Judicial

District, Cascade County, on August 17, 2017, and is now pending in said

Montana District Court.

2.      The Summons and Complaint were served upon the Commissioner of

Insurance for the State of Montana on August 21, 2017.  The Commissioner of

Insurance for the State of Montana served Geico Indemnity by letter dated August

21, 2017.

3.      Upon information and belief, at the time of commencement of this

action, the Plaintiff was, and is now, a resident and citizen of Cascade County,

Montana.

4.      At the time of commencement of this action, Geico Indemnity was,

and is now, a corporation organized and existing under the laws of the State of

Maryland with its principal place of business in Chevy Chase, Montgomery

County, Maryland, and was and is now authorized to do business in the State of

Montana.

5.      This is an action over which this Court has original jurisdiction under

28 U.S.C. § 1332(a)(1), and thus this action is removable to this Court under 28

U.S.C. § 1441(a) and (b).

6.      The amount in controversy claimed by Plaintiff in this action,

exclusive of interest and costs, on the basis of the allegations contained in the

Complaint, exceeds Seventy-Five Thousand Dollars ($75,000.00).

7.     Plaintiff had valid UIM coverage with Geico Indemnity under policy number 4393-29-47-41 ("Motorcycle Policy").  The Motorcycle Policy provided coverage on a 2007 Harley Davidson motorcycle and included UIM coverage of $25,000.00 each person.

8.     Plaintiff had valid UIM coverage with Geico Indemnity under policy number 4341-98-55-23 ("Auto Policy").  The Auto Policy provided coverage on two vehicles, a 2007 Ford F-150 and a 1967 Chevy K20.  The Auto Policy provides UIM coverage of $50,000.00 each person.  A separate premium was charged for the UIM coverage on each vehicle so the coverages can be stacked pursuant to Montana law.  Therefore, the Auto Policy provides UIM coverage of $100,000.00 each person.

9.     28 U.S.C. § 1332(a)'s amount in controversy requirement excludes only "interest and costs" and, therefore, includes attorney's fees if the substantive law of the forum state allows them to be recovered.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Burton v. Trinity Universal Ins. Co.*, 2015 U.S. Dist. LEXIS 21953, 2015 WL 774262, at *4 (D. Mont. Feb. 24, 2015); *Sherman v. Nationwide Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 21177, at *3 (D. Mont. Jan. 15, 2013), adopted by, 2013 U.S. Dist. LEXIS 19008 (D. Mont. Feb. 12, 2013).  Plaintiff has requested an award of attorney's fees.  Compl. Prayer, ¶ 4.

In Montana, an insured who is forced to assume the burden of legal action to obtain the full benefit of an insurance policy is entitled to recover attorney's fees. *Sherman*, at *3-4.

10.     For purposes of determining the amount in controversy, attorney's fees are based on compensatory damages at issue. *Burton, supra*.  In this case, Plaintiff has a total of $125,000.00 available to her in UIM coverage: $25,000.00 under the Motorcycle Policy and $100,000.00 under the Auto Policy.  Assuming Plaintiff's counsel has a standard one-third contingency fee agreement with Plaintiff, the attorney's fees awarded could be as high as 41,666.67.

11.     The amount in controversy, including UIM coverage and attorney's fees, is $166,666.67.

12.     Plaintiff's Complaint also asserts a cause of action for Geico Indemnity's alleged violation of the Unfair Trade Practices Act ("UTPA") and requests damages thereunder.  A judge or jury may award such damages as were proximately caused by the UTPA violation, including an award of punitive damages in accordance with Mont. Code Ann. § 27-1-221.  Mont. Code Ann. § 33-18-242(4).

13.     A copy of the Complaint filed in said Montana District Court action is attached hereto and marked as **Exhibit A**.  Copies of all other pleadings which have been filed in the state court file will be forwarded by the Clerk of the said court.

DATED this 20th day of September, 2017.


_____/s/ Jesse Beaudette_____
Jesse Beaudette
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer, Erickson, Beaudette & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing on the following persons by the following means:

|  |  |
|---|---|
| 1,2 | CM/ECF |
| | Hand Delivery |
| 3 | Mail |
| | Overnight Delivery Service |
| | Fax |
| | E-Mail |

1.    Clerk, U.S. District Court

2.    Jeffrey G. Winter, Esq.
      HARTELIUS, DUROCHER & WINTER, PC
      118 6th St. South
      PO Box 1629
      Great Falls, MT 59403-1629
      **Attorneys for Plaintiff**

3.    Ms. Faye McWilliams
      Clerk of the District Court
      Cascade County Courthouse
      415 - 2nd Avenue North, Room 200
      Great Falls, MT  59401-2536

DATED this 20th day of September, 2017.

            /s/ Jesse Beaudette
      Jesse Beaudette
      BOHYER, ERICKSON,
      BEAUDETTE & TRANEL, P.C.
      Attorneys for Defendant