


1  Jeffrey G. Winter
   HARTELIUS, DUROCHER & WINTER, P.C.
2  118 6th Street South
   P.O. Box 1629
3  Great Falls, MT 59403-1629
   Tel: (406) 727-4020
4  jwinter@mtlawyers.net
   Attorney for Plaintiff
5

6

7

8  MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

9  | JESSICA MATTSON, | Cause No. DDV-17-0574 |
   |---|---|
10 | Plaintiff, | Judge: JOHN W. PARKER |
11 | v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
12 | GEICO INDEMNITY COMPANY, | CV-17-99-GF-BMM |
13 | Defendant. | |

14

15  COMES NOW the Plaintiff, JESSICA MATTSON, and for her Complaint against

16  Defendant Geico Indemnity Company ("Geico"), alleges as follows:

17  **COUNT I, DECLARATORY RELIEF:**

18  1.  On or about August 13, 2015, Plaintiff was involved in a motor vehicle

19  collision caused by Julianne Lucero. Said collision occurred in Great Falls, Montana.

20  2.  Plaintiff was injured as a result of the collision.

21  3.  Julianne Lucero was the sole cause of the collision.

22  4.  Plaintiff was not a cause of the collision or her injuries.

23  5.  As a result of her injuries, Plaintiff has incurred damages.

24  6.  At the time of the collision, Plaintiff had underinsured motorist (UIM)

25  coverage through an insurance policy issued by Defendant. Under the terms of that

coverage, payment for Plaintiff's damages related to the collision, and not paid by Julianne Lucero's automobile liability insurance, must be paid up to the applicable UIM policy limits.

7. Plaintinff has complied with all the terms of her Geico insurance policy providing for UIM coverage.

8. The driver responsible for the collision, Julianne Lucero, had $25,000 in bodily injury liability insurance coverage applicable to Plaintiff's claims, and therefore had insufficient insurance to cover Plaintiff's damages.

9. Defendant is contractually responsible for paying all of Plaintiff's damages, in excess of Julianne Lucero's bodily injury liability insurance coverage, up to the applicable limits of Plaintiff's UIM coverage.

10. Defendant must be compelled to pay the UIM policy benefits owed to Plaintiff, and should bear Plaintiff's attorney fees incurred in obtaining such benefits.

**COUNT II, UNFAIR TRADE PRACTICES:**

11. Plaintiff realleges paragraphs 1-10.

12. Plaintiff made a demand on Defendant for UIM policy benefits.

13. Despite demand for payment, and a reasonable opportunity to investigate, Defendant refused to pay any UIM policy benefits to Plaintiff.

14. The actions of Defendant, as Plaintiff's first party insurer, violate the Montana Unfair Trade Practices Act, and those violations have caused Plaintiff to suffer damages.

**COUNT III, BREACH OF FIDUCIARY DUTY:**

15. Plaintiff realleges paragraphs 1-14.

16. Defendant, as Plaintiff's first party insurer, owes fiduciary duties to Plaintiff pursuant to Montana law.

17. Defendant's fiduciary duties to Plaintiff require it to give the interests of Plaintiff as much consideration as it gives its own interests.

18. Defendant's fiduciary duties to Plaintiff require it to act in the highest good faith toward Plaintiff and forbid it from obtaining any advantage over Plaintiff by the slightest misrepresentation, concealment, threat or adverse pressure of any kind.

19. By failing to pay any UIM benefits to Plaintiff despite demand for payment and a reasonable opportunity to investigate, Defendant breached its fiduciary duties to Plaintiff, which has caused Plaintiff to suffer damages.

WHEREFORE, PLAINTIFF PRAYS:

1. For an award for all of her general and special damages related to the collision in excess of the $25,000 bodily injury liability policy limit available;

2. For declaratory judgment that Defendant must pay the UIM benefits owed to Plaintiff;

3. For an award of damages caused by Defendant, including but not limited to damages caused by violations of the Montana Unfair Trade Practices Act and breach of its fiduciary duties to Plaintiff;

4. For costs and fees as allowed by law; and,

5. For all other relief the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues in this action so triable.

DATED this 17th day of August, 2017.

HARTELIUS, DUROCHER & WINTER, P.C.

By _____
JEFFREY G. WINTER